IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
CHRISTOPHER SCHAFFERS,         )
                               )
     Plaintiff,                )
                               )
v.                             )    No. 23-cv-2797-TLP-tmp
                               )
METHODIST LEBONHEUR, ET AL.,   )
                               )
     Defendants.               )
```

REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Christopher Schaffers's complaint against Methodist LeBonheur, Karen Faught, Cathy Scales, Anne Thompson, "Henry," Claudia Washington, Elda Vaughan, Ebony Walker, Tine Sims, and "Shane." (ECF No. 1.)[1] Because Schaffers is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons below, the undersigned recommends that Schaffers's complaint be dismissed.

I. PROPOSED FINDINGS OF FACT

On December 19, 2023, Schaffers filed a *pro se* complaint against Methodist LeBonheur and several individual defendants under Title VII for race, color, and gender/sex discrimination. (ECF No. 1 at PageID 4.) Using the form provided by the Clerk's

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned for management of all pretrial matters for determination or report and recommendation, as appropriate.

office to assist *pro se* litigants asserting employment discrimination claims, Schaffers checked the boxes alleging discrimination based on his race, color, and gender. (Id.) Schaffers identified the discriminatory conduct as "unequal terms and conditions of employment," retaliation, and, in other acts, he explained that he was written up for being a no-show after allegedly being allowed to take three days of bereavement. (Id. at PageID 3.)

Schaffers was hired as a floor care attendant on May 15, 2023. (Id. at PageID 4.) He was told to take time off work to "handle [his] personal business" and alleges that, when he returned, he was transferred from the outpatient building where he had worked for the past six years to a different hospital and was told to work every other weekend and over two holidays. (Id.) Schaffers alleges that confidential information was shared with his mother, stating that "I was on the news with my mom on the phone letting me know that I had a warrant . . . [and that] I didn't know I had a warrant[.]" (Id. at PageID 5.) On July 12, 2023, Schaffers asked to view his employee file but discovered that his employee file was empty, and the HR representative could not provide an explanation. (Id.) Then, on July 14, 2023, Schaffers had a meeting with HR where he alleges that Cathy Scales pulled out an offer letter from his file with his signature, but Schaffers denied that the signature on the offer letter was his. (Id.) He further alleges

that in this meeting he told HR that he was written up as a no-show despite there being no corrective actions included in his employee file. (Id.)

On August 5, 2023, Schaffers brought these concerns to "Methodist corporate to let someone know what was going on" regarding his transfer and empty employee file. (Id.) He alleges that he was told that he should have received notice and that he should have received a raise for working on the weekends. (Id.) On August 16, 2023, Schaffers had a meeting with Anne Thompson where he requested that he be taken off of weekends again, but he was told that he was moved to this new position and that, if he wanted his old position, he would have to apply for it. (Id.)

## II.    PROPOSED CONCLUSIONS OF LAW

### A.    Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the

'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Title VII Claim**

Schaffers's complaint includes allegations of discrimination under Title VII. Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-

2(a)(1); Flynn v. Memphis Pathology Lab., No. 19-2882-SHL-tmp, 2020 WL 6440710, at *2 (W.D. Tenn. Feb. 5, 2020). "The *prima facie* elements of a discrimination claim under Title VII are: (1) [plaintiff] is a member of a protected group; (2) [plaintiff] was subjected to an adverse employment decision; (3) [plaintiff] was qualified for the position; and (4) [plaintiff] was replaced by a person outside the protected class, or a similarly situated non-protected employee was treated more favorably." Myrtil v. Serra Chevrolet, LLC, No. 2:22-cv-02595-MSN-tmp, 2023 WL 6367667, at *4 (W.D. Tenn. Sept. 29, 2023) (quoting Evans v. Walgreen Co., 813 F. Supp. 2d 897, 921 (W.D. Tenn. 2011) (internal quotation marks omitted)). Although a plaintiff is not required to establish a *prima facie* case of discrimination in their complaint, the complaint must allege sufficient facts showing that the plaintiff is entitled to relief. See id. (quoting Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012) ("[A] plaintiff need only allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that an employer engaged in unlawful discrimination under Title VII." (internal quotation marks omitted)). Under Title VII, an individual employee or supervisor who does not qualify as an employer may not be held personally liable. See Broady v. Mid-South Transp. Mgmt., Inc., No. 2:22-cv-02069-JTF-atc, 2023 WL 6014357, at *8 (W.D. Tenn. July 26, 2023) (finding that the

plaintiff's supervisor cannot held individually liable under Title VII).

Here, the plaintiff names a number of individual employees and supervisors as defendants in this lawsuit, and his allegations are limited to discrimination under Title VII. There are no allegations to suggest that the named individuals are employers under Title VII. Further, nothing in the statement of facts indicates that any of the allegations against Methodist LeBonheur were based upon Schaffers's race, color, or gender. Without any such facts, his claim is implausible. Therefore, the undersigned finds that he has failed to state a claim.

### III. RECOMMENDATION

For the reasons above, the undersigned recommends that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

February 1, 2024
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS,**

**EXCEPTIONS, AND FURTHER APPEAL.**